UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**BARRY BROWN,**

    Plaintiff,                                          Case No.:

v.

**COLLECTION SERVICES OF ATHENS, INC.,**              **Jury Trial Demanded**

    Defendant.

_____/

## COMPLAINT

Plaintiff, BARRY BROWN, by and through the undersigned counsel, hereby files this Complaint against Defendant, COLLECTION SERVICES OF ATHENS, INC, and alleges as follows:

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Eatonton, Georgia.

4. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA, in that the alleged debt that the Defendant sought to collect from him was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant is a Georgia corporation and is conducting business in the State of Georgia. Defendant maintains a registered agent in the State of Georgia.

6. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Defendant is a "debt collector" within the meaning of the FDCPA.

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District, and Plaintiff resides in this District.

## STATEMENT OF FACTS

9. On November 19, 2013, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter"). A copy of the Debt Collection Letter is attached hereto as Exhibit A.

10. Plaintiff allegedly defaulted on one or more payments for medical services in the claimed amount of $2,864.00.

11. Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff. The debt that Plaintiff incurred was a consumer debt as defined by the FDCPA, and was secured and used primarily for personal, family, and/or household services.

12. Defendant construed the Debt Collection Letter as a "PAYROLL DEDUCTION REQUEST."

13. The letter starts by asking for "permission to arrange a payroll deduction through your employer."

14. The Debt Collection Letter then states, "**If you do not want to involve your employer**, you may discuss other alternatives." (emphasis supplied)

15. The letter goes on to demand that the Plaintiff call the Defendant "within ten (10) days to set up the amount you would like to be deducted from your paycheck to pay this account."

16. The Debt Collection Letter is tailored so that an unsophisticated consumer would believe that his wages could be garnished if he did not pay the debt. But, Defendant had no legal basis to make such a threat because this type of debt cannot be garnished without a judgment.

17. The Debt Collection Letter also is tailored to give the Plaintiff no choice other than have his wages garnished.

18. The Debt Collection Letter further threatens that the Defendant will "involve your [the Plaintiff's] employer," when the Defendant had no such right. In fact, by threatening to "involve" the Plaintiff's employer, the Defendant threatened to violate 15 U.S.C. § 1692c(a)(3) and (b).

19. In addition to these threats and false statements, the Debt Collection Letter includes a tear-off portion to accompany payment, which states that a balance of $2,864.00 is associated with "Responsible Party # 2173522." This is also the only Responsible Party Number listed in the heading of the letter.

20. The Debt Collection Letter demands that Plaintiff call to set up the garnishment of his wages "to pay **this account**," singular. (emphasis supplied)

21. But, the body of the letter suggests that the total amount claimed ($2,864.00) is the sum of nine different accounts with nine different "Responsible Party Numbers."

22. Accordingly, the Debt Collection Letter is patently confusing and misleading on its face, especially to the least sophisticated consumer.

23. The Debt Collection Letter does not indicate that Defendant has the right or ability to collect or satisfy the debts associated with the accounts not listed in the heading or tear-off slip.

24. The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

25. Further, the Debt Collection Letter is tailored in such a way that the Plaintiff or an unsophisticated consumer would believe that the Defendant only intended to apply any payment to "this account," meaning the account referenced in the heading and tear-off slip in the Debt Collection Letter.

26. It was patently misleading, unfair, abusive and misrepresents the character of the debt for Defendant to purposefully seek payment of $2,864.00 in connection with debt for "Responsible Party # 2173522," when that debt only totals $871.00, according to the body of the Debt Collection Letter.

27. By falsely representing the amount of the debt associated with "Responsible Party # 2173522" as being more than three times as much as it actually was, Defendant attempted to further increase the pressure exerted on Plaintiff to consent to his wages being garnished.

28. Combined with the improper threat to "involve your employer" and the ten day deadline set forth in the letter, the Debt Collection Letter was designed to create a false sense of urgency in the mind of an unsophisticated consumer under the threat of improper contact with an employer and wage garnishment.

29. Finally, the term "Responsible Party," could mislead an unsophisticated consumer to believe that the Defendant actually had a judgment against the consumer, when there were no lawsuits, no parties to lawsuits, and no judgments.

## COUNT I
## VIOLATIONS OF THE FDCPA

30. Each and every allegation contained in paragraphs 1 through 29 of this Complaint is repeated, realleged and incorporated herein by reference.

31. The acts and practices complained of in this Complaint violate 15 U.S.C. §§ 1692d, 1692e, 1692e(4), 1692e(5), 1692e(10), and 1692f.

32. By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor for:

    i. The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k;

    ii. All actual damages sustained as a result of Defendant's wrongful conduct;

    iii. Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    iv. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues so triable.

I HEREBY CERITIFY that on this 22nd Day of April, 2014 the foregoing was filed through the ECF system.

    /s/ Jason A. Herman
    Jason Herman, Esq.
    Georgia Bar Number 140942
    2203 N. Lois Avenue, Ste. 830
    Tampa, FL 33607
    (813) 221-0500